# Exhibit C



# Jonathan Stone
### ATTORNEY AT LAW
#### CERTIFIED PUBLIC ACCOUNTANT

October 16, 2025

**Via eMail**

Jeffrey M. Eilender, Esquire
Schlam Stone & Dolan, LLP
26 Broadway
New York, NY 10004
jeilender@schlamstone.com

Re:     **CORRECTED DEMAND for Immediate Retraction and Apology**
        Your Defamatory Email of October 16, 2025
        **\*\*Interference with Professional Obligations\*\***

Dear Mr. Eilender:

## ## CORRECTION OF RECIPIENT

I initially misidentified the sender of the defamatory email as David Goldsmith and sent a demand letter to him. You corrected me in your follow-up email, confirming that you, Jeffrey Eilender, were the author of the defamatory statements.

I apologize to Mr. Goldsmith for the misdirected demand. This error does not diminish in any way the seriousness of your conduct or the validity of the demands outlined in this letter. If anything, your confirmation of authorship eliminates any ambiguity about who is responsible for the defamatory statements and resulting harm.

This corrected demand letter is directed to you as the actual author of the defamatory email.

## ## PURPOSE OF THIS LETTER

I write regarding your email of October 16, 2025, sent at 12:51 pm, which contains false, defamatory, and professionally damaging accusations against me. I demand immediate retraction and apology as set forth below.

Your defamatory attack has not only damaged my professional reputation but has also directly interfered with my ability to fulfill critical professional obligations in the related bankruptcy case of Diana Kemp (Case No. 25–16553), causing measurable delay and ongoing prejudice to the administration of justice.

Hastings Commons • 490 Schooley's Mountain Road – Bldg. 3A • Hackettstown, NJ 07840
Phone (908) 979–9919 • Fax (908) 979–9920 • Email jonathan@jonstonelaw.com

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

## I.   OUR FALSE AND DEFAMATORY ACCUSATION

### A.  False Accusation of Sexual Misconduct

- **Completely false** - Every communication I have sent to Ms. Mihilli has been strictly professional, related solely to the serious fraud committed by my former client Lisa Ann Filippini, and entirely appropriate for attorney-to-attorney communications in adversarial proceedings.

- **Defamatory per se** - Accusations of sexual misconduct toward a professional colleague constitute defamation per se under New Jersey law, as they impute conduct incompatible with the proper exercise of my lawful profession.  *See Ward v. Zelikovsky*, 263 N.J. Super. 497, 505 (App. Div. 1993) [categories of slander per se include conduct incompatible with one's business and serious sexual misconduct]; *Hall v. Heavey*, 195 N.J. Super. 590, 595 (1984) [defamation per se includes misconduct affecting one's business, trade, profession, office or calling].

- **Professionally damaging** - Your accusation, if believed, would damage my professional reputation, violate attorney disciplinary rules if true, and constitute grounds for sanctions or disbarment.

- **Reckless and malicious** - You made this accusation without any factual basis and with reckless disregard for the truth, as even a cursory review of my communications would reveal their entirely professional nature.

- **Your subsequent claim that this was merely "opinion" is legally incorrect.** While you may have subjective opinions about whether my communications were annoying or excessive, stating that they were "inappropriate" - particularly when directed at a "young female associate" - implies factual assertions about improper professional or sexual conduct.  Such implications are actionable, not protected opinion.

### B.  Apparent Insinuation of Intellectual Disability

Your opening statement – "My daughter is severely intellectually disabled an impulsively says things and I quite often tell her keep it in your head" - when read in context with the rest of your email, appears to compare me to someone with severe intellectual disabilities who cannot control their speech.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

Whether this was your intent or not, this statement is:

1. **Offensive and unprofessional** toward me
2. **Deeply insensitive** toward individuals with intellectual disabilities
3. **Wholly inappropriate** in professional communications between attorneys

### C. Dismissiveness of Serious Professional Obligations

Your statement "If you are going to withdraw great.  If not, who cares.  But can you avoid troubling us and just keep it in your head?" demonstrates:

- **Complete disregard** for my ethical obligations to inform parties of material fraud

- **Dismissiveness** of the serious malpractice exposure I faced due to Lisa Filippini's forgery of my signature

- **Lack of understanding** of attorney professional responsibility

## II.   YOUR INTERFERENCE WITH MY PROFESSIONAL OBLIGATIONS

### A. Critical Filing Delayed by Your Defamatory Attack

Your defamatory email has caused direct, measurable harm beyond damage to my reputation – it has interfered with my ability to fulfill critical professional obligations in the related bankruptcy case of Diana Kemp (Case No. 25–16553).

**Background:**

1. Diana Kemp is Lisa Filippini's mother and my bankruptcy client in a related Chapter 13 case.

2. Lisa's fraud (forging my name and signature) created irreconcilable conflicts requiring me to withdraw from representing both Lisa and Diana.

3. I have been working on a complex Motion to Withdraw as counsel for Diana Kemp, analyzing the conflicts created by Lisa's fraud, the tainted testimony, and related ethical issues.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

**My Commitment to the Standing Chapter 13 Trustee:**

4.      On October 15, 2025, I represented to Mary Krieger, Esquire of the Standing

Chapter 13 Trustee's office, that I would have the Diana Kemp withdrawal motion completed

and filed by 3:00 a.m. on October 16, 2025.

5.      I worked until 3:30 a.m. on October 16, 2025, drafting the Diana Kemp

withdrawal motion and brief.

6.      Due to the complexity of the legal issues involved, I was unable to complete the

motion by my 3:00 a.m. deadline to Ms. Krieger.

**Your Defamatory Attack:**

7.      At 12:51 p.m. on October 16, 2025 – while I was already behind schedule and

working to complete this critical filing – you sent your defamatory email.

8.      Your false accusations necessitated substantial time and attention to respond,

including:

- Reviewing and documenting all of my professional communications to refute
your false accusations

- Researching the law on defamation and the "opinion" defense

- Preparing this demand letter

- Addressing the damage to my professional reputation

**The Ongoing Harm:**

**9.      Each hour of delay in completing the Diana Kemp withdrawal motion caused**

**by your interference is a further violation of my professional obligations and ongoing**

**prejudice to the administration of justice.**

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

      10.    The Diana Kemp withdrawal motion is critical because:

- Diana's testimony in Lisa's bankruptcy case has been tainted by Lisa's fraud
- Irreconcilable conflicts exist between Diana's interests and Lisa's interests
- I cannot effectively represent Diana while dealing with Lisa's fraud against me
- The Court and parties need to understand these conflicts promptly

      11.    Your interference has prevented me from timely filing this important motion,

thereby:

- Delaying disclosure of conflicts to the Court in Diana's case

- Prolonging a situation where I may be representing Diana despite conflicts

- Interfering with the administration of both bankruptcy cases

- Preventing parties from understanding the full scope of Lisa's fraud and its impact

**B.  Your Intent to Interfere**

      12.    Your interference is not merely incidental. Your statement "there is no need for us to hear from you" reveals your intent to silence me and prevent me from fulfilling my ethical obligations.

      13.    The timing of your defamatory email – after I had worked through the night and was already behind schedule on a critical filing – suggests either:

- Deliberate interference with my professional obligations, or

- Reckless disregard for the impact of your false accusations on my ability to fulfill my duties

      14.    Either way, this interference constitutes conduct prejudicial to the administration of justice under N.J. RPC 8.4(d).

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

### C. My Ethical Obligations Require Disclosure

- **N.J. RPC 1.16(a)** - I was required to withdraw from representing Lisa Filippini.  N.J. RPC 1.16(a)(1), (4) provides that a lawyer must withdraw from representation if "the representation will result in violation of the Rules of Professional Conduct or other law" or if "the client... seeks to use or persists in using the lawyer's services to commit or further a crime or fraud."  *See In re Simon*, 206 N.J. 547 (2011) [attorney must withdraw if representation will lead to violation of law, including RPCs].

- **N.J. RPC 3.3** - I have a duty of candor to the tribunal regarding fraud.  RPC 3.3(a)(5) provides that a lawyer shall not knowingly "fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal." *In re Seelig*, 180 N.J. 234, 250–253 (2004) [RPC 3.3(a)(5) "compel[s] a lawyer to act affirmatively against his or her client's interests even when the primary responsibility for informing the court does not (or may not) lie with the lawyer"; rule "impose[s] a duty to disclose in order to prevent errors in decision making by a tribunal that has been misled because it lacks information about material facts"].  *See also* Advisory Committee on Professional Ethics Opinion 713 (2008) [duty to disclose rooted in RPC 3.3(a)(5) as well as RPC 8.4(c) and (d); ethics rules require candor and fairness toward tribunal]; Censure (2023) [attorney received censure for breach of duty of candor; DRB emphasized that "misrepresentation cannot serve as permissible litigation tactic, even when carried out in name of zealous advocacy"].

- **N.J. RPC 8.3** - I have obligations regarding reporting professional misconduct.

- **N.J. RPC 1.4** - I must keep parties informed of material developments.

These obligations required me to communicate with all affected parties, including you, Ms. Mihilli, and the Standing Chapter 13 Trustee, regarding the serious fraud committed by my former client.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

## III.   THE FACTUAL CONTEXT YOU IGNORE

My communications to you, Ms. Mihilli, and other parties were not "extraneous" but rather
**necessary and appropriate** given the following facts:

### A.  Serious Criminal Fraud by My Former Client

- Lisa Ann Filippini orchestrated the forgery of my name and signature on a letter
- This forged letter was delivered to a potential witness (Shirley De Paola)
- The forgery was designed to appear as though I had threatened Ms. De Paola with
  legal action
- Lisa admitted to me that she directed her CPA to draft the letter and caused its
  delivery
- Lisa subsequently attempted to create a false record through text messages

### B.  My Ethical Obligations Required Disclosure

Under New Jersey Rules of Professional Conduct:

- **N.J. RPC 1.16(a)** - I was required to withdraw from representing Lisa Filippini
- **N.J. RPC 3.3** - I have a duty of candor to the tribunal regarding fraud
- **N.J. RPC 8.3** - I have obligations regarding reporting professional misconduct
- **N.J. RPC 1.4** - I must keep parties informed of material developments

### C.  All Parties Had a Right and Need to Know

My communications to you, Ms. Mihilli, and others were necessary because:

- **Shannon Reilly is a major creditor** in the Lisa Filippini bankruptcy with a claim
  exceeding $500,000

- **You represent Shannon Reilly** and are contemplating filing an adversary
  proceeding

- **Lisa's fraud is directly relevant** to dischargeability determinations under 11 U.S.C.
  § 523

- **The forgery may constitute witness intimidation** if intended to discourage Ms. De
  Paola from cooperating with Shannon Reilly

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

- **The Standing Chapter 13 Trustee** needed to be informed of fraud by the debtor

- **All parties** needed contemporaneous notice of developments affecting the case

### D.  My Email Communications Were Entirely Professional

Every email I sent to Ms. Mihilli and other parties:

- Related solely to the Lisa Filippini fraud and my withdrawal
- Contained only case-related information
- Was professional in tone and content
- Was copied to multiple parties, demonstrating transparency
- Served legitimate case-related purposes

Some emails were sent to Ms. Mihilli individually because she is Shannon Reilly's attorney of record and needed specific information about developments in her client's case. **There was nothing inappropriate about these communications.**

## IV.   YOUR VIOLATIONS OF PROFESSIONAL CONDUCT

Your email violates multiple New Jersey Rules of Professional Conduct:

### A.  N.J. RPC 8.4(c) - Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation

Your false accusation of inappropriate conduct constitutes dishonesty and misrepresentation.  A violation of RPC 8.4(c) requires a finding that an attorney engaged in a knowing act of deception.  *In re Hyderally*, 208 N.J. 453, 461 (2011).  Your subsequent claim that this was merely "opinion" does not cure the defamatory nature of your statement, which implied factual assertions about misconduct.

*See In re Pena and In re Rocca*, 157 N.J. 565, 11–18 (1999) [attorneys who made misrepresentations regarding material facts violated RPC 8.4(c); such conduct is inconsistent with attorney's professional obligation to uphold honor and maintain dignity of profession].

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

### B.  N.J. RPC 8.4(d) - Conduct Prejudicial to the Administration of Justice

Your conduct is prejudicial to the administration of justice in multiple ways.

- **Attempt to discourage disclosure of fraud:** Your attempt to prevent me from disclosing the Debtor's fraud to this Court and to parties in interest prejudices the administration of justice.  *In re Giannini*, 212 N.J. 479 (2012) [attorney who made unprovoked, inflammatory, disparaging, and fictitious statements about parties in pleadings and made repeated frivolous requests violated RPC 8.4(d)].

- **Interference with professional obligations:** Your statement "there is no need for us to hear from you" constitutes improper interference with my ethical obligations to communicate material developments to parties.

- **Direct interference with court filing:** Your defamatory attack has directly interfered with my ability to complete and file the Motion to Withdraw from Diana Kemp, thereby delaying critical disclosures to the Court in that related bankruptcy case.  **Each hour of delay caused by your interference constitutes ongoing prejudice to the administration of justice in both bankruptcy cases.**

  *In re McIlwain*, DRB 22–178 at 40–47 (Mar. 6, 2023) [attorney violated RPC 8.4(d) by filing improper pleadings and subpoenas that resulted in waste of judicial resources; conduct prejudicial to administration of justice includes actions that impede effective functioning of courts].  The Disciplinary Review Board in *McIlwain* emphasized that conduct designed to frustrate court proceedings and delay justice violates RPC 8.4(d), even when done in the name of representing a client. *Id.* at 52–54.

  *See also* Advisory Committee on Professional Ethics Opinion 703 (2006) [conduct that impedes litigant's effective access to counsel of choice constitutes prohibited conduct prejudicial to administration of justice under RPC 8.4(d)].

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

### C.  N.J. RPC 8.4(g) - Harassment or Discrimination

Your reference to intellectual disability, whether directed at me or used as a comparison, may
violate rules prohibiting harassment or discrimination.  N.J. RPC 8.4(g) (effective April 1, 2025)
provides that it is professional misconduct for a lawyer to "engage, in a professional capacity, in
conduct involving discrimination or bias... because of... disability... where the lawyer intends to
cause harm or does so with reckless indifference, or where the conduct is intended or likely to
cause harm."

The official comment to RPC 8.4(g) states that "discrimination" is intended to be construed
broadly and includes "derogatory or demeaning language."

*See In re Vincenti*, 114 N.J. 275 (1989) [establishing broad scope of professional obligation
regarding discriminatory conduct]; *In re Romanowski*, 252 N.J. 415 (2022) [reprimand for
attorney who engaged in verbal abuse and harassing conduct toward client].

### D.  N.J. RPC 4.4(a) - Respect for Rights of Third Persons

Your false accusation violates your duty to respect my rights and reputation. N.J. RPC 4.4(a)
provides: "In representing a client, a lawyer shall not use means that have no substantial purpose
other than to embarrass, delay, or burden a third person."

Your false accusations serve no substantial purpose related to representing your client and appear
designed solely to embarrass and burden me.  **Your accusations have caused measurable delay
in my ability to fulfill professional obligations, constituting precisely the type of burden
prohibited by this rule.**

*In re McIlwain*, DRB 22–178 at 45–47, 52–54 (Mar. 6, 2023) [attorney's threatening letters and
actions designed to frustrate and burden opposing party violated professional conduct rules;
judge found attorney "acted in a manner that does not comport with good faith" when sending
communications designed to harass].

The timing and content of your defamatory email demonstrate that it had no substantial purpose
other than to embarrass and burden me while I was attempting to fulfill critical professional
obligations.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

## V.    THE "OPINION" DEFENSE FAILS

Your subsequent email claims that "everything I said was an opinion and not actionable." This defense fails for the following reasons:

### A.  Statements Imply Provably False Facts

While "I find you annoying" may be protected opinion, your statement that my emails to a "young female associate" were "inappropriate" implies facts that are provably false:

- It implies I engaged in conduct that violates professional standards

- It implies my communications had an improper (likely sexual) nature

- It implies I violated workplace harassment standards

- These are factual assertions that can be proven true or false

### B.  New Jersey Law on Opinion vs. Fact

Under *Ward v. Zelikovsky*, 136 N.J. 516, 528-531 (1994), statements are actionable even if characterized as "opinion" when they:

- Imply the existence of undisclosed defamatory facts, *id*. at 538, 543–546

- Are reasonably susceptible to a defamatory meaning, *id*. at 528–531

- Would be understood by the audience as asserting objective facts, *id*. at 538

*See also Dairy Stores, Inc. v. Sentinel Pub. Co.,* 104 N.J. 125 (1986) [statements of "mixed opinion" that imply undisclosed defamatory facts are actionable]."

### C.  Context Matters

The context of your statement - describing emails to a "young female associate" as "inappropriate" – strongly implies sexual or romantic impropriety.  This is not protected opinion but rather defamatory factual implication.

*Ward v. Zelikovsky*, 136 N.J. 516, 528–531 (1994), establishes that courts must consider the content, verifiability, and context of challenged statements to determine whether they constitute actionable defamation.  *Id.* at 538.  The court must examine whether the basis for accusations was generally known to the audience, whether the statement followed other communications, and the overall circumstances in which it was made.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

Here, the context transforms your statement from mere opinion into actionable defamation:

**The Professional Setting**: Communications between opposing counsel in active litigation

- **The Specific Descriptor**: Reference to "young female associate" rather than simply "opposing counsel"

- **The Word "Inappropriate"**: In the context of attorney-to-attorney communications concerning a "young female associate," reasonable persons would understand this to imply sexual or romantic misconduct, not merely annoyance

- **The Audience**: Senior attorneys and trustees who would understand the gravity of such implications in a professional context

- **The Absence of Disclosed Facts**: You provided no factual basis showing why the communications were "inappropriate" rather than merely frequent

*Ward*, 136 N.J. at 538 [context includes whether statement followed name–calling, was part of emotional outburst, and whether basis for accusations was generally known to audience]. Unlike the emotional outburst in *Ward* that the Court found to be non–actionable name–calling, your statement was a calculated communication to multiple parties in a professional setting, strongly implying undisclosed facts about professional or sexual misconduct.

*See also DeAngelis v. Hill*, 180 N.J. 1, 13 (2004) [court evaluates defamatory meaning based on "fair and natural meaning" given by reasonable persons of ordinary intelligence]; *Romaine v. Kallinger*, 109 N.J. 282, 289–290 (1988) [statement is defamatory when it subjects person to hatred, contempt or ridicule based on meaning that will be given by reasonable persons].

The context of your statement makes clear that reasonable recipients would understand you to be asserting or implying objective facts about improper conduct, not merely expressing subjective annoyance.

### D. "Annoying" vs. "Inappropriate"

You conflate two different types of statements:

- **"I find you annoying"** = subjective opinion (not actionable)

- **"Your emails to our young female associate are inappropriate"** = implies objective misconduct (actionable)

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

The second statement goes beyond subjective preference and implies conduct that violates professional standards.

*Ward v. Zelikovsky*, 136 N.J. 516, 537–539 (1994), distinguishes between non–actionable statements expressing subjective opinions and actionable statements implying verifiable facts about conduct.  The Court held that "name–calling" reflecting pure subjective reactions is not actionable because "a certain amount of vulgar name–calling is tolerated, on the theory that it will necessarily be understood to amount to nothing more." *Id.* at 537–539.

However, the Court emphasized that accusations transform into actionable defamation when they "appeared to be supported by reasonably specific facts capable of objective proof of truth or falsity" or when made "in such manner or circumstances as would lead a reasonable listener to conclude the speaker had knowledge of specific facts supporting the accusatory statement." *Id.* at 538–539.

*See also DeAngelis v. Hill*, 180 N.J. 1, 13 (2004) [words that subject person to ridicule or sound to disreputation of individual are defamatory on their face when they assert false and defamatory statements concerning another]; *W.J.A. v. D.A.*, 210 N.J. 229, 243-246 (2012) [statements accusing plaintiff of serious sexual misconduct constitute defamation per se].

Your statement falls squarely in the actionable category because:

- **It implies specific misconduct**: The reference to "young female associate" and "inappropriate" in a professional context implies sexual, romantic, or harassment-related conduct

- **It suggests undisclosed facts**: You imply knowledge of facts that make the communications "inappropriate" beyond mere frequency

- **It is verifiable**: Whether communications contained inappropriate sexual or professional content is capable of objective proof

- **The context transforms it**: Unlike pure name–calling in an emotional outburst (*Ward*), your statement was a calculated communication to multiple professionals in active litigation

If you merely found me "annoying," you could have said exactly that.  Instead, you specifically referenced a "young female associate" and characterized my professional communications as "inappropriate" - language that clearly implies misconduct beyond annoyance.

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

*Ward*, 136 N.J. at 543–546 (Justice STEIN, concurring) [expression of opinion can give rise to
inference that there are undisclosed facts justifying the opinion; if audience understood
statements to be based on undisclosed facts, their defamatory potential is devastating].

## VI.   DEMAND FOR IMMEDIATE ACTION

I demand that you take the following actions immediately:

### A.  Written Retraction and Apology (Within 48 Hours)

Given the ongoing harm your interference is causing, I am **reducing the deadline from 48 hours
to 24 hours**.

1. Me (jonathan@jonstonelaw.com)
2. All parties copied on your October 16, 2025 email:
    - Albert Russo (arusso@russotrustee.com)
    - Mary Krieger (mkrieger@russotrustee.com)
    - Sharon Ford (sford@russotrustee.com)
    - Eni Mihilli (emihilli@schlamstone.com)
    - David Martin (dmartin@russotrustee.com)

The retraction and apology must:

1. **Withdraw completely** your accusation that my emails to Ms. Eni Mihilli were
"inappropriate"
2. **Acknowledge** that my communications were entirely professional and case–related
3. **Acknowledge** that I had ethical obligations to inform parties of the fraud
4. **Acknowledge** that your "opinion" defense is inapplicable to accusations of inappropriate
conduct
5. **Acknowledge** that your defamatory attack has interfered with my ability to fulfill
professional obligations in the Diana Kemp case
6. **Apologize** for making false accusations against me
7. **Apologize** for interfering with my professional obligations
8. **Apologize** for any damage to my professional reputation
9. **Clarify** the nature and purpose of your opening statement about intellectual disability

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

### B. Cessation of Defamatory Statements and Interference

You must immediately cease:

1. Making any statements, oral or written, that suggest I engaged in inappropriate conduct toward Ms. Mihilli or anyone else

2. Characterizing my professional communications as improper

3. Otherwise damaging my professional reputation

4. Attempting to silence me from fulfilling my ethical obligations

5. Interfering with my ability to complete court filings and fulfill professional obligations

### C. Confirmation of Non Disclosure

You must confirm in writing that you have not repeated your false accusations to:

1. Any other attorneys
2. Any clients
3. Any bar authorities
4. Any other third parties

If you have repeated these accusations, you must immediately retract them to those parties.

## VII. CONSEQUENCES OF FAILURE TO COMPLY

If you fail to provide a complete retraction and apology within 24 hours, I will:

### A. File a Motion for Sanctions in Bankruptcy Court

I will file a motion for sanctions under:

- 28 U.S.C. § 1927 (attorney acting in bad faith)

- The Court's inherent authority

- Bankruptcy Rule 9011

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

Seeking:

- Monetary sanctions for your bad faith conduct

- Enhanced sanctions for your interference with my professional obligations

- Attorney's fees and costs (now increased due to the additional harm)

- Referral to the Office of Attorney Ethics

- Order requiring written retraction and apology

- Order requiring personal appearance before the Court

- Such other relief as the Court deems appropriate

**The motion will specifically detail your interference with my Diana Kemp filing obligations, documenting the measurable harm and ongoing prejudice to the administration of justice.**

### B. File a Grievance with the Office of Attorney Ethics

I will file a formal grievance alleging violations of:

- N.J. RPC 8.4(c) (dishonesty)

- N.J. RPC 8.4(d) (conduct prejudicial to administration of justice)

- N.J. RPC 4.4(a) (lack of respect for rights of third persons)

- Any other applicable rules

**The grievance will document your interference with court proceedings as an aggravating factor.**

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

### C. Consider Civil Action for Defamation

Your false accusation of inappropriate conduct constitutes defamation per se.  I will evaluate pursuing a civil defamation action seeking:

- Compensatory damages for harm to my professional reputation

- Punitive damages given the reckless and malicious nature of your accusation

- Attorney's fees and costs

### D. Report to Your Supervising Attorneys/Firm Management

I will notify the managing partners of your law firm about your unprofessional conduct and false accusations against opposing counsel.

## VIII.    YOUR DOUBLING DOWN MAKES THIS WORSE

Your follow-up email, rather than attempting to clarify or apologize, doubles down on your misconduct by:

- **Reasserting the defamatory claim** ("my opinion is you share way too much")

- **Adding new insults** ("I find you annoying")

- **Attempting to silence me** ("As you are withdrawing, there is no need for us to hear from you")

- **Claiming an invalid defense** (the "opinion" defense)

This doubling down:

- Demonstrates absence of good faith

- Shows malice

- Strengthens my case for sanctions and damages

- May constitute republication of the defamation

- Demonstrates you understand your statement was harmful, yet refuse to retract it

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

- **\*\*Compounds the interference by prolonging the distraction from my professional obligations\*\***

## IX.   THE MEASURABLE HARM CONTINUES

As I write this letter, I am being prevented from completing the Diana Kemp withdrawal motion that should have been filed hours ago. **\*\*Each passing hour represents:\*\***

- **\*\*Violation of my commitment\*\*** to Mary Krieger, Esquire of the Standing Chapter 13 Trustee's office

- **\*\*Ongoing conflict situation\*\*** where I may be representing Diana despite irreconcilable conflicts

- **\*\*Delayed disclosure\*\*** to the Court of critical information about Lisa's fraud and its impact

- **\*\*Prejudice to the administration of justice\*\*** in two bankruptcy cases

- **\*\*Quantifiable damages\*\*** for which you will be held accountable

Your attempt to dismiss this with "there is no need for us to hear from you" reveals either stunning ignorance of professional responsibility or deliberate malice.

## X.   PRESERVATION OF EVIDENCE

I have preserved:

1. Your defamatory email of October 16, 2025, at 12:51 pm

2. Your follow–up email, doubling down on your accusations

3. All my professional communications to Ms. Mihilli and other parties

4. All documents related to the Lisa Filippini fraud

5. Documentation of my work on the Diana Kemp motion (timestamps, drafts, etc.)

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

6.  My communication with Mary Krieger regarding the filing deadline

7.  This demand letter and your response (or lack thereof)

This evidence will be used in any grievance proceeding, motion for sanctions, civil action, or other proceeding that becomes necessary.

## XI.   NO WAIVER OF RIGHTS

This demand letter does not waive any of my rights or remedies, all of which are expressly reserved. My willingness to accept a retraction and apology does not constitute an admission that such remedy is adequate or that I will not pursue additional remedies.

## XII.   REQUIRED FORM OF RETRACTION AND APOLOGY

To be acceptable, your retraction and apology must be substantively similar to the following:

---

**RETRACTION AND APOLOGY**

In my email of October 16, 2025, I stated to Jonathan Stone, Esquire that I found his "frequent extraneous emails to our young female associate inappropriate."

I hereby completely withdraw and retract that statement.

Mr. Stone's communications to Attorney Eni Mihilli and other parties were entirely professional, appropriate, and related solely to serious fraud committed by his former client Lisa Ann Filippini.  Mr. Stone had ethical obligations to inform parties of this fraud, and his communications served legitimate case–related purposes.

I acknowledge that my accusation was false and unfounded.  I made the statement without any factual basis and without reviewing the substance of Mr. Stone's communications, which were in fact entirely professional.

My claim that this statement was merely "opinion" and therefore not actionable was incorrect. The statement implied factual assertions about improper professional conduct that are false.

I further acknowledge that my defamatory attack interfered with Mr. Stone's ability to fulfill his professional obligations in the related bankruptcy case of Diana Kemp (Case No. 25–16553).

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

Mr. Stone was working to complete a critical Motion to Withdraw in that case and had committed to the Standing Chapter 13 Trustee to file it by a specific deadline.  My false accusations necessitated time and attention to respond, causing a delay in that important filing.  This interference was improper and constitutes conduct prejudicial to the administration of justice.

I sincerely apologize to Mr. Stone for:

- Making this false accusation, which I recognize could damage his professional reputation

- Interfering with his ability to fulfill his professional obligations

- The measurable harm caused by delaying his critical court filing

- My attempt to silence him from fulfilling his ethical duties

I also apologize to Attorney Eni Mihilli for any embarrassment my email may have caused her, as Mr. Stone's emails to her were entirely appropriate.

[Regarding the opening statement about intellectual disability, please clarify its purpose and, if it was intended as a comparison to Mr. Stone, apologize for that as well.]

I have not repeated these false accusations to any other parties, and I will not make any similar statements in the future.  I will not interfere with Mr. Stone's professional obligations or attempt to silence him from communicating about material matters in pending cases.

Very truly yours,

Jeffrey M. Eilender, Esquire

---

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

## XIII.    DEADLINE FOR RESPONSE – REDUCED TO 24 HOURS

Given the ongoing harm your interference is causing, you must provide the written retraction and
apology described above **no later than 11:59 p.m. on Friday, October 17, 2025** (24 hours
from the date of this letter).

**Every hour of delay represents ongoing prejudice to the administration of justice and
increases the damages for which you will be held accountable.**

Failure to comply will result in the immediate filing of the motion for sanctions and grievance
described above.

## XIV.    CONCLUSION

Your false accusation of inappropriate conduct is serious, defamatory, and professionally
damaging.  It cannot be ignored or dismissed with a claim that it was merely "opinion."

Your doubling down in your follow–up email makes this situation worse, not better.  It
demonstrates that you understand your statement was harmful, yet refuse to take responsibility
for it.

**Most seriously, your defamatory attack has caused measurable, quantifiable harm by
interfering with my ability to complete a critical court filing, violating my commitment to
the Standing Chapter 13 Trustee, and causing ongoing prejudice to the administration of
justice in two bankruptcy cases.**

I expect your immediate compliance with this demand.  Your retraction and apology must be
complete, unequivocal, and timely.

I remain willing to resolve this matter through your immediate retraction and apology.  However, if
you fail to do so within 24 hours, I will immediately pursue all available remedies to protect my
professional reputation, hold you accountable for your misconduct, and seek compensation for the
measurable harm you have caused.

**The clock is ticking.  Each hour of delay adds to the harm and strengthens my case for
enhanced sanctions.**

Demand for Immediate Retraction and Apology
Defamatory Email of October 16, 2025

Very truly yours,

/s/ Jonathan Stone

Jonathan Stone, Esquire

---

**CC (via email):**

- Albert Russo, Standing Chapter 13 Trustee (arusso@russotrustee.com)
- Mary Krieger, Esquire (mkrieger@russotrustee.com)
- David Martin, Esquire (dmartin@russotrustee.com)
- Sharon Ford (sford@russotrustee.com)
- Eni Mihilli, Esquire (emihilli@schlamstone.com)