UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

DIANA KEMP

*Debtor:*

Case No.: 25-16553-SLM

Chapter: 13

Judge: Hon. Staccy L. Meisel

Hearing Date: [Clerk will assign]

## CERTIFICATION OF MARK FILIPPINI
## IN SUPPORT OF MOTION TO QUASH SUBPOENA

I, MARK FILIPPINI, the Movant herein, submit this Certification in support of the Motion to Quash:

### I. INTRODUCTION AND STANDING

1. **Non-Party Status:** I am a resident of New Hampshire. I am the son of the Debtor, Diana Kemp, and the brother of Lisa Ann Filippini (Debtor in Case No. 25-16171-JKS). I am not a party to either bankruptcy proceeding, nor do I have any ownership interest in "Lisa's Priceless Pets, LLC."

2. **The Subpoena:** On or about November 13, 2025, counsel for Creditor Everett (Shannon) Reilly ("the Creditor") served me with a subpoena demanding I produce all of my private financial records, banking transfers, and real estate documents from 2019 to the present.

3. On February 18, 2026, the Creditor's counsel (Schlam Stone & Dolan) sent a threatening letter to my home, demanding I surrender these documents by March 5, 2026, or face "court action".

4. I file this Motion to Quash the Subpoena because it imposes an undue burden, is built upon a foundation of attorney malpractice, and constitutes an unfair investigation designed solely to harass the Debtor's family.

### II. THE FOUNDATION OF THE SUBPOENA IS ATTORNEY MALPRACTICE

5. The Creditor is attempting to investigate the Debtor's assets, incorrectly alleging that the Debtor (my mother, Diana Kemp) is an owner and operator of my sister's dog grooming business, Lisa's Priceless Pets.

6. **The Fatal Error:** The sole reason the Creditor has established a jurisdictional foothold to investigate Diana Kemp, and by extension me, is due to the gross clerical malpractice of prior counsel, Jonathan Stone.

7. In August 2025, Mr. Stone erroneously listed "Lisa's Priceless Pets" on Diana Kemp's bankruptcy schedules.

8. **Documentary Proof:** To execute this false entry, Mr. Stone utilized my sister's private Employer Identification Number (EIN: 82-3837807) and listed it under my mother's name on the official petition. My mother does not have an EIN and has never owned this business.

9. **Active Investigation:** This unauthorized, fraudulent filing by Mr. Stone is currently the subject of an active Bar Association grievance investigation (District XA Ethics Committee, Docket No. XA-2026-00051), which has been escalated to a full investigation because Mr. Stone committed serious ethical violations.

10. The Creditor is exploiting this known clerical error to justify a sprawling, invasive investigation into my personal finances. Because the foundation of their inquiry (that Diana Kemp owns the business) is factually false, the resulting subpoenas are legally baseless.

## III. THE CLAIM IS UNLIQUIDATED AND DISPUTED

11. The Creditor's justification for this harassment is an alleged $465,000 to $526,000 wage claim.

12. The Creditor routinely refers to this as a "judgment." This is a material misrepresentation. The Creditor holds only a "Clerk's Entry of Default" against the LLC. No judge has ever adjudicated the facts, and no final judgment has ever been entered against the LLC, my sister, or my mother.

13. It is unjust to allow a Creditor holding an unliquidated, disputed claim to launch a massive financial investigation into out-of-state non-parties.

## IV. UNDUE BURDEN & UNFAIR INVESTIGATION

14. The Creditor alleges that my mother sold her home in 2023 for approximately $100,000, and is baselessly theorizing that she funneled this money to me to "upgrade and/or repair" my driveway in New Hampshire.

15. This is an improper attempt to look for information that does not exist. My mother's sale of her personal residence in 2023 has absolutely nothing to do with a disputed employment wage claim filed by a disgruntled dog groomer in New Jersey.

16. Demanding that I, a non-party, hire counsel and produce seven years of personal banking records to defend my home improvements in New Hampshire is an extreme and undue burden designed to extort a settlement from my sister.

## V. REQUEST FOR CONSOLIDATION

17. This Court has already scheduled a hearing for March 10, 2026, at 10:00 AM to review a Motion to Quash a subpoena issued by this exact Creditor to TD Bank regarding Diana Kemp's records.

18. Because my subpoena stems from the exact same Creditor, the exact same disputed asset pool, and the exact same investigation, I respectfully request that this Motion to Quash be heard concurrently on March 10, 2026.

**I certify under penalty of perjury that the above is true and correct.**

_Mark Filippini_                                          2/20/26

**MARK FILIPPINI, Non-Party Movant Pro Se**                    Date