# EXHIBIT A

Letter & Subpoena from Schlam Stone & Dolan

Eni Mihilli
Associate

emihilli@schlamstone.com
schlamstone.com

Schlam Stone
& Dolan LLP
26 Broadway, New York, NY 10004
Main: 212 344-5400
Direct: 212 612 1220

February 18, 2026

**BY FEDEX MAIL**

Mark Filippini
667 Hurricane Rd.
Keene, NH 03431

Re:     *In re Diana Kemp,*
        Case No. 25–16553 (SLM)

Mr. Filippini:

This firm represents Shannon Reilly a/k/a Everett Reilly ("Reilly") in the above-captioned proceeding filed by Debtor Diana Kemp ("Debtor"). We write concerning deficiencies in your production of documents pursuant to a subpoena dated November 13, 2025, served upon you by Reilly (attached as **Exhibit A** to this letter, the "Subpoena"). The Subpoena demanded that you produce documents on or before December 5, 2025. You failed to produce documents, or otherwise respond to, the Subpoena.

We demand that you produce documents pursuant to the Subpoena by **March 5, 2026,** to avoid court action. We are available to meet and confer regarding the Subpoena.

### I.     Background

Reilly is a creditor of Debtor because of Reilly's lawsuit seeking over $465,000 in damages from Lisa's Priceless Pets, LLC ("Priceless Pets"), Lisa Filippini ("Filippini"), and Debtor (collectively, "Defendants") due to Defendants' intentional and willful failure to pay Reilly the wages and compensation owed to him while under their employ. A true and accurate copy of the Complaint filed in the Federal Action (captioned *Reilly v. Filippini, et al.*, Civil Action No. 24-08208-KSH-AME (D.N.J.)) (the "Federal Action") is attached hereto as Exhibit A.

Per the Federal Action, Reilly is owed unpaid hourly wages, commissions, and overtime wages from 2019 through 2024 (see Exhibit A, ¶ 30). Reilly alleged that Debtor and Filippini were both owners and operators of Priceless Pets and neglected corporate formalities by comingling funds and using Priceless Pets to pay for personal expenses while neglecting to pay him (as required by statute). Reilly asserted common-law veil-piercing claims and statutory personal liability claims under the New Jersey Wage and Hour Law.

By subpoena dated November 13, 2025, Reilly sought documents concerning Debtor's

Page 2 of 3

bankruptcy petition, estate, and Reilly's Proof of Claim[1]. A true and accurate copy of the Subpoena is attached as Exhibit A.

The Subpoena to you demanded: (1) All documents related to any financial transfers from Diana Kemp to yourself during the time period from January 1, 2019, through November 11, 2025, including the amount, date of transfer, payment plan (if any), and (2) Any interest you received in the sale proceeds from Diana Kemp's home on or around 2023

These documents are relevant and important to Diana Kemp's bankruptcy proceeding because Creditor Reilly is investigating the claims by Ms. Kemp in her bankruptcy petition, including but not limited to, her income, expenses, assets, and liabilities. Furthermore, these documents are sought to determine whether Ms. Kemp improperly withheld information regarding her finances and Estate in violation of relevant bankruptcy rules.

*First*, Ms. Kemp's financial transfers to you and from you are important to evaluating the truth of her statements in her bankruptcy petition. Thus, documents relevant to this demand must be produced to Creditor Reilly.

*Second*, Ms. Kemp represented on her 341 Meeting of the Creditors that she sold her previous home located at South 40 Road and earned over $100,000 of proceeds from the sale on or around 2023. But Ms. Kemp has not provided any records explaining what happened to that money. As sworn to in Ms. Kemp's own 341 Meeting, she has failed to account for at least $100,000 of assets (or perhaps more) in her bankruptcy petition or plan.

Upon information and belief, this money was used to upgrade and/or repair and increase the value of the property owned by you at 667 Hurricane Rd. Documents pertaining to what you received from Ms. Kemp (which was derived from the sale of her home) is relevant to the administration of her bankruptcy estate. Furthermore, documents related to what you did with that money (for example, re-doing your driveway) are also relevant. Ms. Kemp cannot transfer $100,000 to you in 2023 and file for bankruptcy in 2025 without paying any of that $100,000 to her creditors.

The Subpoena demanded all documents be produced via email to on or before December 5, 2025 to dgoldsmith@schlamstone.com and emihilli@schlamstone.com. You failed to produce any documents, or communicate with counsel for Reilly. It has been more than one month since the deadline to produce documents. As articulated below, you are required to produce these documents to Creditor Reilly. The legal standard that governs such document production is summarized for you below. Reilly's requests are plainly permitted under the caselaw regarding Rule 2004.

---

[1] On August 7, 2025, Reilly filed a Proof of Claim in the above-captioned proceeding. Debtor has not objected to Reilly's Claim; thus, is deemed valid. *See* FRBP Rule 3001(f).

Page 3 of 3

## II.    Legal Standard

Bankruptcy discovery, based on Rule 2004 of the Federal Rules of Bankruptcy Procedure, permits inquiry into "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *In re Cortuk*, No. CV 18-16148 (BRM), 2019 WL 1418133, at *2 (D.N.J. Mar. 29, 2019). Rule 2004's scope "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *In re Summit Glob. Logtics*. No 08-11566(DHS), 2008 WL 1446722, at *2 (Bankr. D.N.J. Apr. 9, 2008).

Furthermore, Courts recognize that Rule 2004 examinations are broad, unfettered and in the nature of fishing expeditions… [t]he breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. **That is to allow a Trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste.**" *Id.* (emphasis added). The burden of proof to demonstrate a subpoena's undue burden lies with the objector to the subpoena. *In re Williams*, No. BR 17-25034-ABA, 2021 WL 1912401, at *4 (Bankr. D.N.J. May 12, 2021). Importantly, **a successful demonstration of undue burden requires more than generalized and unsupported allegations.** *Id.* (emphasis added).

Bankruptcy courts have found discovery under Fed. R. Bankr. P. 2004 is far broader than discovery under the Federal Rules of Civil Procedure. *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. CV1811273MCALDW, 2022 WL 6737217, at *6 (D.N.J. Oct. 11, 2022). Further, and most relevant in this matter, **alter ego liability claims** (such as those asserted by Reilly against Debtor in the Federal Action) **are to be addressed as property of the bankruptcy estate and are subject to an automatic stay.** *Id.* (emphasis added).

## III.    Conclusion

For the reasons explained above, you have no basis to object to producing the records requested in the Subpoena. Reilly demands that you correct the above deficiencies on or before **March 5, 2026** to avoid the need for court intervention. Reilly is available to meet and confer on the Subpoena. This letter is sent without prejudice to Reilly's right, all of which are expressly reserved.

Sincerely,

Eni Mihilli, Esq.

B2540 (Form 2540  Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re Diana Kemp

Debtor

Case No. 25-16553-SLM

Chapter 13

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Mark Filippini

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method. _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects. and must permit inspection, copying, testing, or sampling of the material:

All documents related to any financial transfers from Diana Kemp to yourself during the time period from January 1, 2019, through November 11, 2025, including the amount, date of transfer, payment plan (if any). This request includes any interest you received in the sale proceeds from Diana Kemp's home on or around 2023 All documents should be produced via email to dgoldsmith@schlamstone.com and emihilli@schlamstone.com on or before December 5, 2025.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/13/2025

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Shannon Reilly a/k/a Everett Reilly , who issues or requests this subpoena, are:

David Goldsmith, 26 Broadway, New York, NY, 10004
Tel: 212-344-5400; Email: dgoldsmith@schlamstone.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).